IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES NICHOLLS**, *et al.*, | : | CIVIL ACTION NO. 1:14-CV-1239 |
| | : | |
| **Plaintiffs** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **BNCCORP, INC.**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 22nd day of December, 2014, upon consideration of the report (Doc. 5) of Chief Magistrate Judge Martin C. Carlson, recommending the court dismiss plaintiffs' complaint for failure to make timely service pursuant to Federal Rule of Civil Procedure 4, (see id. at 4-5), and following an independent review of the record, the court in agreement that plaintiffs have failed to effect timely and proper service despite the court's order (Doc. 4) of October 24, 2014, directing plaintiffs to do so, and it appearing that neither party has objected to the

report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that the failure to timely object "may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in according with this Third Circuit directive.

1. The report (Doc. 5) of Chief Magistrate Judge Martin C. Carlson is ADOPTED in its entirety.

2. Plaintiffs' complaint (Doc. 1) is DISMISSED without prejudice.

3. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania